IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEONARD BINGHAM,<br><br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN JAMES HAVILAND,<br><br>　　　　Respondent, | CASE NO. 3:20-CV-01846-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION REGARDING REQUEST FOR STAY AND ABEYANCE** [ECF #10] |

### PROCEDURAL HISTORY

On August 19, 2020, Petitioner Leonard Bingham, through counsel, filed an application for a writ of habeas corpus. (ECF #1-1 at PageID 17). Mr. Bingham initially advanced two claims for habeas relief: deficiencies in a search warrant leading to a Fourth Amendment violation, and denial of a motion to withdraw pleas constituting a due process violation. (ECF #1 at PageID 7-8). Pursuant to General Order 2021-06, this matter was reassigned to me on May 25, 2021 (non-document entry of May 25, 2021), and the Return of Writ was filed on July 30, 2021 (ECF #7).

Subsequently, on February 17, 2023, Mr. Bingham filed a Motion for Stay and Leave to Amend Petition. (ECF #10). He seeks to stay this case so he may exhaust additional remedies in state court. (*Id.* at PageID 1012). Respondent Warden James Haviland opposes Mr. Bingham's motion (ECF #12 & 13). Mr. Bingham did not file a reply. For the reasons that follow, I recommend the District Court **DENY** Mr. Bingham's motion.

1

## BACKGROUND

On October 26, 2018, pursuant to a plea agreement, Mr. Bingham entered a plea of no contest. (ECF #7 at PageID 41). The court accepted the plea and found Mr. Bingham guilty on charges of possession of cocaine, illegal manufacture of drugs, having a weapon under a disability, and possession of marijuana. (*Id.* at PageID 42-43). Later, Mr. Bingham unsuccessfully attempted to withdraw his no contest plea and, on December 20, 2018, the trial court sentenced him to a prison term of twelve years. (*Id.*).

After the conclusion of trial court proceedings, Mr. Bingham filed a direct appeal in the Ohio Third District Court of Appeals claiming the trial court erred in not dismissing the indictment in violation of the Ohio Constitution, not suppressing evidence obtained through a "tainted" search warrant, and denying his motion to withdraw pleas. (ECF #7-1 at PageID 262). The Third District affirmed Mr. Bingham's conviction. (*Id.* at PageID 387). Mr. Bingham filed a motion for reconsideration, but that motion was denied because he "fail[ed] to set forth any 'extraordinary circumstance' to justify enlarging the time for filing." (*Id* at PageID 493). Mr. Bingham then appealed to the Ohio Supreme Court, raising a Fourth Amendment claim relating to a search warrant and a Constitutional violation relating to the denial of his motion to withdraw pleas. (*Id.* at PageID 444-48). Mr. Bingham's appeal to the Ohio Supreme Court was denied and his motion for reconsideration was also denied. (*Id.* at PageID 510, 515).

Since filing for federal habeas relief, Mr. Bingham's state docket has been active. Mr. Bingham has requested leave to file a delayed motion for a new trial (ECF #12-1 at PageID 1023), moved for reconsideration after the trial court denied his requested leave (*Id.* at PageID 1029), and

2

filed an appeal for ineffective assistance of appellate counsel with the Third District (*Id.* at PageID 1034).

## LAW AND ANALYSIS

Before this Court, Mr. Bingham presents a mixed petition containing both exhausted and unexhausted claims for federal habeas relief. Ordinarily, a state prisoner must exhaust all available state remedies before instituting a federal habeas action. *See* 28 U.S.C. § 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). But when faced with a mixed petition, the District Court may exercise its discretion to grant a stay and abeyance. *Rhines*, 544 U.S. at 276. This procedure is available only in "limited circumstances" where the District Court finds (1) good cause for the petitioner's failure to exhaust claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 270, 278. It would "likely" be an abuse of discretion for a District Court to deny a motion for a stay and abeyance that satisfied all three of these criteria. *Id.* at 278. Similarly, the District Court would abuse its discretion if it granted a motion from a petitioner who showed good cause but advanced meritless claims. *Id.* at 277.

Good cause, while not explicitly defined, has been the subject of many District Court decisions. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011) (finding that the state's concealment of relevant facts resulting in a failure to raise a claim was relevant to show good cause for failure to exhaust); *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009) (finding that a lack of due diligence in discovering relevant facts was relevant to good cause for failure to exhaust claims timely); *Misch v. Chambers-Smith*, No. 3:22-CV-1738, 2023 WL 2028302 (N.D. Ohio Feb. 16, 2023) (holding that new evidence making a colorable claim of actual innocence establishes good cause).

3

Even more abundant are cases finding no showing of good cause. *See, e.g.*, *Reinthaler v. Gray*, No. 20-3376, 2020 WL 5822506 (6th Cir. 2020) (concluding that good cause is lacking when the prison sends documents in standard mail instead of overnight mail; rather, good cause must relate to failure to raise claims); *Simmons v. Huss*, No. 19-1613, 2020 WL 3032923 (6th Cir. 2020) (denying request for Certificate of Appealability where district court found good cause was lacking when petitioner alleged he encountered "difficulties in obtaining assistance to draft his state-court motion for relief from judgment . . ."); *Curry v. Shoop*, No. 3:17-CV-1441, 2021 WL 1115316 (N.D. Ohio Mar. 24, 2021) (holding that failure to provide a basis for good cause prevents a finding of good cause); *Torres v. Sheldon*, No. 1:19CV2175, 2020 WL 4004574 (N.D. Ohio June 8, 2020) (determining that allegations of ineffective appellate counsel does not constitute good cause for failing to exhaust claims in state court first), *report and recommendation adopted*, 2020 WL 4003279 (N.D. Ohio July 15, 2020); *Alexander v. Harris*, No. 1:19CV234, 2020 WL 620372 (N.D. Ohio Jan. 22, 2020) (stating that pending litigation before the Ohio Supreme Court that may have a bearing on existing habeas claims does not constitute good cause), *report and recommendation adopted*, No. 1:19 CV 234, 2020 WL 619950 (N.D. Ohio Feb. 10, 2020). Mr. Bingham has not provided any explanation for the filing delay, let alone evidence. Therefore, there is no showing of good cause in his motion.

Additionally, Mr. Bingham must include a full description of the claims he seeks to exhaust to demonstrate those claims are not plainly meritless. *See Simmons*, 2020 WL 3032923, at *1. Despite this requirement, Mr. Bingham's motion lacks any evidence of the claims. (*See* ECF #10 at PageID 1012). Because no evidence or description has been presented, I am unable to assess the potential merit of any additional claims. In fact, Mr. Bingham has not stated what the new

4

claims could be, leaving the District Court to speculate. Speculation does not satisfy the high standards *Rhines* requires.

Because Mr. Bingham has failed to show good cause in his motion and has not provided any evidence showing his claims are not plainly meritless, I recommend the District Court **DENY** Mr. Bingham's motion for a stay and leave to amend. The substance of Mr. Bingham's claim for federal habeas relief can be assessed at the proper, later date.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I recommend the District Court **DENY** Mr. Bingham's Motion for Stay/Leave to Amend.

Dated: June 13, 2023

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to

the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).