PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD BINGHAM, | ) | |
| | ) | CASE NO.  3:20CV1846 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN JAMES HAVILAND, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 10] |

On June 13, 2023, the assigned magistrate judge issued a Report and Recommendation denying Petitioner Leonard Bingham's Motion to Stay/Leave to Amend (ECF No. 10).  *See* ECF No. 14.  Petitioner timely filed an objection to the Report and Recommendation.  *See* ECF No. 16.  Respondent Warden James Haviland responded to Petitioner's objection.  *See* ECF No. 19. Having reviewed the record and applicable law, the Court adopts the magistrate judge's Report and Recommendation (ECF No. 14), overrules Petitioner's objection, and denies the Motion to Stay/Leave to Amend.

## I.      Background

On August 19, 2020, Leonard Bingham, through counsel, petitioned for a writ of habeas corpus.  *See* ECF No. 1 at PageID #: 17.  Petitioner advanced two claims: a violation of his Fourth Amendment Right against unreasonable searches and seizures when law enforcement relied on a warrant with material falsehoods; and denial of due process when the trial court denied a motion to withdraw his plea of no contest.  *See id.* at PageID #: 6-8.  At the filing of the petition, these claims were exhausted at the state level.  *See* ECF No. 7-1 at PageID #: 510, 515.

(3:20CV1846)

On February 17, 2023, Petitioner filed a Motion for Stay/Leave to Amend while he attempts to advance ineffective assistance of counsel claims in state court. *See* ECF No. 10 at PageID #: 1012.

## II.    Legal Standard

Once a Report and Recommendation has been filed by a magistrate judge, a party may serve and file written objections to the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party objects, then the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *See United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Objections must be specific; vague, general, or conclusory objections do not meet this requirement. *See Young v. Jackson-Mitchell,* No. 19-3904, 2020 WL 1481615, at *2 (6th Cir. Feb. 12, 2020) (citing *Cole v. Yukins,* 7 F. App'x 354, 356 (6th Cir. 2001)).

Before a state prisoner may seek a writ of habeas corpus in federal court, he must exhaust all available remedies in state court. *See* 28 U.S.C. § 2254(b)-(c); *Olson v. Little,* 604 F. App'x 387, 400 (6th Cir. 2015) (citing *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam)); *McClain v. Kelly,* 631 F. App'x 422, 428 (6th Cir. 2015) (citing *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). When the state's highest court has provided a defendant an opportunity to petition their claims for discretionary review, a defendant's state remedies have been exhausted. *See Dunn v. May,* No. 22-3300, 2022 WL 18283459, at *3 (6th Cir. Oct. 4, 2022) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

2

(3:20CV1846)

If a petitioner presents a "mixed petition," one with both exhausted and unexhausted claims, comity requires state courts have the first opportunity to review the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). The constraints of the "total exhaustion" requirement paired with the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA") led to the Supreme Court's creation of "stay and abeyance" in *Rhines v. Weber*, 544 U.S. 269, 275 (2005). The *Rhines* Court held that the district court could grant a stay and abeyance for an unexhausted claim if: (1) there was good cause for the petitioner's failure to exhaust claims first in state court; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *See id.* at 277-78.

### III.    Discussion

Petitioner Bingham objects to the magistrate judge's Report and Recommendation, arguing that (1) there is good cause for his delay in raising additional claims in the trial court, and (2) there has been a showing that his additional claims have merit. *See* ECF No. 16. Relying on these reasons, Petitioner urges the Court to sustain Petitioner's objection and issue a stay and abeyance while he exhausts his additional claims in State Court. *See id.* Respondent is opposed.

#### A. Good Cause for Failing to Present all Claims

To show good cause for failing to exhaust state law remedies, Petitioner must show why he failed to timely and properly use all the state law remedies available to him. *See Petokovic v. Clipper*, No. 1:14CV2292, 2015 WL 3948194, at *6 (N.D. Ohio June 26, 2015) (citing *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009)). "[T]o fulfill the exhaustion requirement 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

(3:20CV1846)

invoking one complete round of the State's established appellate review process,' which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court." *Mimms v. Russell,* No. 1:08CV079, 2009 WL 890509, at *2 (S.D. Ohio Mar. 31, 2009).

At the threshold, it is important to mention that Petitioner was represented by counsel, Attorney Kenneth Rexford, at his plea and sentencing proceedings before the state trial court, and on direct appeal.  *See* ECF No. 1 at PageID #: 14.  In an initial post-conviction filing, however, in state court, Petitioner filed a *pro se* petition to vacate or set aside judgment of conviction of sentence due to ineffective assistance of counsel.  On March 13, 2020, averring claims of ineffective assistance of counsel, Petitioner wrote:

> Petitioner's right to the effective assistance of counsel was violated when counsel failed to act in substantive compliance to the Sixth Amendment of the U.S. Constitution and the Constitution of Ohio. Counsel was hired to represent petitioner against those charges listed herein However, counsel failed put the State's theory of these offenses to an adversarial process when he failed to adequately challenge the State's evidence on numerous fronts. Most notably counsel's failure to contact and interview witnesses who could have challenged and cast doubt upon the State's case in chief. These witnesses were made know to counsel prior to trial and was relevant to petitioner's defense at all times. (See attached Affidavits)
>
> (2) Counsel failed to properly and vigorously challenge the information, contained in the affidavit used to secure the warrant facilitating the arrest and conviction of petitioner. Had counsel done so the court would have been better equipped to make those finding that would have resulted in the acquittal of petitioner. The facts would establish that the affidavit was relied upon but unsupported by any credible evidence and was wholly fabricated with prior knowledge and design calculated to mislead and convince the court of petitioner's guilt without due process of law and intended to deprive petitioner of same.
>
> (3) Counsel failed to conduct any pre-trial investigation that would have aided petitioner in establishing that evidence which would have supported petitioners claim of innocence Counsel's failures were cumulative and resulted in petitioner's entering a "no contest" plea. Had counsel conducted any pretrial investigation, including,

4

(3:20CV1846)

> but not limiting to interviewing witnesses, petitioner's innocence would have been established beyond a reasonable doubt. The evidence presented by the State was predicated upon deception, false and misleading statements by its witnesses.

ECF No. 7 at PageID #: 47.  On March 17, 2020, the state trial court denied Petitioner's motion to vacate or set aside, and Petitioner did not appeal the ruling.  *See* ECF No. 7-1 at PageID #: 651-656.

On August 19, 2020[1], Petitioner's current counsel, Ms. Catherine Meehan, filed the petition for habeas corpus now pending in federal court.  *See* ECF No. 1 at PageID #: 24-25.  It was not until January 18, 2023[2], however, nearly two and a half years after counsel filed the petition, that Petitioner asked the state court to reopen his claim of ineffective assistance of counsel.  *See* ECF No. 12 at PageID #: 1034-1042; *cf.* ECF No. 19 at PageID #: 1115.  Shortly after, Petitioner sought the stay at issue.

### 1. *Petitioner's motion does not explain his request for stay.*

Contrary to Petitioner's assertion in his objection, his motion (ECF No. 10) did not state that he sought a stay to pursue claims of ineffective assistance of counsel.  *Cf.* ECF 16 at PageID #: 1077.  Rather, he simply alluded to "additional remedies" and an application to reopen his appeal recently filed in state court.  ECF No. 10.

The federal court is not required to mine state court dockets for hints at what "additional remedies" Petitioner may be pursuing.  Not until his objection did Petitioner reveal that he is

---

[1] Petitioner's brief objecting to the Report and Recommendation mistakenly states that the petition for habeas corpus was filed on November 20, 2019.  *See* ECF No. 16 at PageID #: 1075.

[2] "A motion for Leave to File a Motion for New trial was filed on January 24, 2023 and subsequently denied in the trial court on February 9, 2023."  ECF 16 PageID #: 1075.

5

(3:20CV1846)

"challenging the effective assistance of counsel at both the trial level and on appeal."  ECF No.
16 at PageID #: 1077.  Even in his objection, however, Petitioner's justification for a stay is thin.

    *2.  Even Petitioner's belated explanation is insufficient.*

       In his objection, Petitioner argues that his prior counsel could not have raised his

own ineffectiveness on direct appeal or in an application to reopen.[3]  *See* ECF No. 16 at

PageID #: 1077 .  Even if that argument holds, Petitioner has failed to explain why he did

not pursue these claims sooner.  Petitioner ignores that *he* has previously raised ineffective

assistance of counsel claims *pro se*, invalidating any good cause argument that he lacked

the ability to proceed with an ineffective assistance of counsel claim or explaining the delay

in bringing those claims, for which he now seeks a stay.

       Ultimately, Petitioner has failed to show good cause for his delay in failing to exhaust his

claims in state court.

**B.  Merit of Claims to be Asserted and Tactical Delay**

       A claim of ineffective assistance of counsel requires Petitioner to show: (1) that counsel

made such serious errors that he was not functioning as "counsel" guaranteed by the Sixth

Amendment, and (2) that the deficiency prejudiced Petitioner.  *See Strickland v. Washington,*

*466 U.S. 688, 687 (1984).*  More specifically, Petitioner must present the errors counsel made

that prejudiced his trial and appeal.  *See Brown v. Watson,* No. 1:18-CV-02820, 2022 WL

---

    [3] Respondent concedes this point, stating: "Moreover, Ohio law has recognized for
at least forty years that a lawyer cannot be expected to raise his own ineffectiveness. *State
v. Carter*, 36 Ohio Misc. 170, 304 N.E.2d 415 (Mont. Cty CP 1973) (Rice, J.). Under Ohio
law, when the same attorney represents a defendant at trial and on direct appeal, claims of
ineffective assistance of trial counsel generally are raised in a post-conviction action and
the claims are not barred by *res judicata. See Gulertekin v. Tinnelman-Cooper*, 340 F.3d
415, 425 n.5 (6th Cir. 2003) (citing *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E.2d 169, 171
n.1 (Ohio 1982))."  ECF No. 19 at PageID #: 1117.

(3:20CV1846)

3039910, at *2 (N.D. Ohio Aug. 2, 2022); *Henry v. Miller,* No. 5:16CV1189, 2017 WL 11707955, at *1 (N.D. Ohio Jan. 24, 2017).

Petitioner provides no evidence for his putative ineffective assistance of counsel claims. While Petitioner emphasizes the need for effective counsel and offers generalities, his objection to the Report and Recommendation fails to provide evidence of prejudicial errors made by his counsel during the state proceedings. *See e.g.*, *Kaeding v. Warden, Lebanon Corr. Inst.,* No. 1:11-CV-121, 2011 WL 4571899 (S.D. Ohio Aug. 8, 2011), *report and recommendation adopted,* No. 1:11CV121, 2011 WL 4571892 (S.D. Ohio Sept. 30, 2011) (holding that a stay was necessary while Petitioner advanced an ineffective assistance of counsel claim, that his attorney failed to investigate and raise perjury and prosecutorial misconduct claims that Petitioner did not previously have knowledge of, in state court). Unsubstantiated allegations of ineffective assistance of counsel, alone, are insufficient to demonstrate that Petitioner's claims are potentially meritorious.

Additionally, Petitioner's objection acknowledges that the doctrine of *res judicata* is a formidable barrier to him resurrecting his claims of ineffective assistance of counsel. *See* ECF No. 16 at PageID #: 1077-78.

Furthermore, the timing of the motion to stay and Petitioner's failure to articulate good cause for the delay in pursuing these claims does nothing to eliminate concerns of tactical delay.

In summary, Petitioner has failed to show that his delayed (or renewed) claims of ineffective assistance of counsel are potentially meritorious or filed for reasons other than tactical delay.

(3:20CV1846)

### IV.    Conclusion

For the reasons above, the Court adopts the magistrate judge's Report and

Recommendation (ECF No. 14), overrules Petitioner's objection, and denies Petitioner's Motion

to Stay/Leave to Amend.


IT IS SO ORDERED.


August 14, 2023                                             /s/ Benita Y. Pearson
Date                                                        Benita Y. Pearson
                                                            United States District Judge

8