PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD BINGHAM, | ) | |
| | ) | CASE NO. 3:20CV1846 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN JAMES HAVILAND, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | [Resolving ECF Nos. 18 and 22] |

On August 1, 2023, the assigned magistrate judge issued a Report and Recommendation denying Petitioner Bingham's petition for a writ of habeas corpus (ECF No. 1). ECF No. 18. Petitioner timely filed an objection to the Report and Recommendation. ECF No. 22. Having reviewed the record and applicable law, the Court adopts the magistrate judge's Report and Recommendation (ECF No. 18), overrules Petitioner's objection, and denies the petition for a writ of habeas corpus.

### I. Background

### A. Trial Court Proceedings

In May 2016, an Allen County Court of Common Pleas grand jury indicted Petitioner with: (i) one count of possession of cocaine; (ii) one count of illegal manufacture of drugs; (iii) one count of having weapons while under disability; and (iv) one count of possession of marijuana. ECF No. 7-1 at PageID #: 77-80. Petitioner entered pleas of not guilty to each charge in the indictment. ECF No 7-1 at PageID #: 81-82.

(3:20CV1846)

Petitioner then began a multi-year battle in an attempt to suppress evidence seized from his home, 419 S. Collett Street. On September 6, 2016, Petitioner moved to suppress the fruits of the search conducted by law enforcement, alleging that the affidavit in support of the search warrant knowingly contained a material falsity. ECF No. 7-1 at PageID #: 83-90.

The affidavit stated that Petitioner Leonard Bingham had sold marijuana to a confidential informant at 419 S. Collett Street, but, during discovery, a written report revealed the confidential informant bought from Joel Pea, not Petitioner. ECF No. 7-1 at PageID #: 84-86. In the report, investigators wrote the purpose of the meeting was to purchase marijuana from Leonard Bingham, but the confidential informant indicated he would be purchasing from Joel Pea, not Leonard Bingham. ECF No. 7-1 at PageID #: 85. On October 21, 2016, the trial court held a suppression hearing on the matter. ECF No. 7-1 at PageID #: 108. Applying *Franks v. Delaware*, the trial court overruled Petitioner's motion, holding "excising Leonard Bingham's name from the affidavit, the evidence still shows that Judge Reed had a substantial basis for concluding that probable cause existed to search 419 S. Collett St." 438 U.S. 154 (1978); ECF No. 7-1 at PageID #: 112.

On September 1, 2017, with newly retained counsel, Petitioner again moved to suppress evidence found at 419 S. Collett Street. ECF No. 7-1 at PageID #: 120-128. Petitioner was denied, and subsequently, he filed for reconsideration, and was again, denied. ECF No. 7-1 at PageID #: 129-138. On January 19, 2018, Petitioner moved to reopen the suppression issue with the assistance of counsel whom filed his first motion to suppress. ECF No. 7-1 at PageID #: 150-157. The trial court granted Petitioner leave to file the amended motion to suppress. ECF No. 7-1 at PageID #: 158.

(3:20CV1846)

Petitioner brought forth his amended motion to suppress the fruits of the search conducted at 419 S. Collett Street. ECF No. 7-1 at PageID #: 159-168. On July 26, 2018, and August 21, 2018, Petitioner had a two-day suppression hearing regarding the search. ECF No. 7-1 at PageID #: 189. The state court held that even without the misstatement that the informant purchased marijuana from Petitioner, the affidavit contained sufficient information to justify the search. ECF No. 7-1 at PageID #: 197; *Franks* 438 U.S. at 171-72 (finding a warrant remains valid when probable cause persists after the removal of the inaccurate information). Accordingly, the state court overruled Petitioner's motion to suppress evidence obtained during the execution of a search warrant at 419 S. Collett Street. ECF No. 7-1 at PageID #: 200.

Following Petitioner's attempt to suppress evidence from the search warrant, Petitioner withdrew his not guilty pleas and entered pleas of no contest on October 26, 2018. ECF No. 7-1 at PageID #: 201-204. On November 27, 2018, though, Petitioner moved to withdraw his pleas of no contest. ECF No. 7-1 at PageID #: 209. Petitioner justified his motion to withdraw his pleas by arguing a conspiracy occurred. After the Allen County Sherriff's Office failed to serve a subpoena on a key defense witness, which Petitioner believed was due to the Sheriff's department not taking his subpoenas seriously enough, Petitioner hired a private investigator to serve the subpoena, and the investigator also failed to serve the subpoena. ECF No. 7-1 at PageID #: 209. Petitioner later uncovered that the private investigator was "secretly" working for the Allen County Sheriff's Office and moonlighting as a private investigator, prompting Petitioner to withdraw his pleas. ECF No. 7-1 at PageID #: 209. However, the trial court denied Petitioner's motion to withdraw his pleas, and on December 20, 2018, Petitioner Leonard Bingham was sentenced to twelve years. ECF No. 7-1 at PageID #: 218; ECF No. 7-1 at PageID #: 221-222.

3

(3:20CV1846)

After sentencing, Petitioner filed a second and third motion to withdraw his no contest pleas on February 6, 2019, and October 22, 2019, respectively. ECF No. 7-1 at PageID #: 224-230; ECF No. 7-1 at PageID #: 520-526. The trial court denied both motions. ECF No. 7-1 at PageID #: 516-519; ECF No. 7-1 at PageID #: 533-538.

### B. Appellate Court Proceedings

On April 2, 2019, Petitioner appealed his sentence to the Ohio Third District Court of Appeals raising the following assignments of error:

1. The Trial Court should have dismissed the Indictment for insufficient number of jurors because Crim. R. 6(A) is unconstitutional, in violation of Article I, Section 10, of the Ohio Constitution and R.C. § 2939.02.
2. The Trial Court erred by not suppressing the fruits of the tainted search warrant.
3. The Trial Court erred by denying Mr. Bingham's Motion to Withdraw Plea.

ECF No. 7-1 at PageID #: 261. The State filed a response on April 23, 2019. ECF No. 7-1 at PageID #: 322-372. On August 19, 2019, the Third District affirmed the trial court's judgment in a 38-page ruling. ECF No. 7-1 at PageID #: 387-425; *State v. Bingham*, 2019-Ohio-3324, 141 N.E.3d 614. Petitioner moved for leave to file a delayed application for reconsideration on January 20, 2020. The Third District denied the motion for delayed reconsideration on February 24, 2020. ECF No. 7-1 at PageID #: 426-430; ECF No. 7-1 at PageID #: 431-432.

Petitioner appealed the judgment of the Third Appellate District to the Ohio Supreme Court and filed a motion for leave to file out of time on June 19, 2020. ECF No. 7-1 at PageID #: 433-452. In his motion for leave Petitioner argued that his case involved substantial constitutional questions and was a case of general public interest. ECF No. 7-1 at PageID #: 450. On July 2, 2020, "upon consideration of [Petitioner's] motion for leave to file out of time," the Ohio Supreme Court denied his motion and dismissed the case. ECF No. 7-1 at PageID #: 510.

4

(3:20CV1846)

Finally, on September 1, 2020, the Ohio Supreme Court denied Petitioner's motion for reconsideration. ECF No. 7-1 at PageID #: 515.

### C. Federal Habeas Corpus

On August 19, 2020, Petitioner filed a writ of habeas corpus on the following grounds:

1. Petitioner's Fourth Amendment right against unreasonable searches and seizures was violated when law enforcement proceeds on a warrant containing material falsehoods and lacks probable cause
2. Due process is violated when the trial court denied a pre-sentence motion to withdraw plea on grounds supported by the Fifth, Sixth, and Fourteenth Amendments.

ECF No. 1 at PageID #: 6-8. On July 30, 2021, the Government filed the return of writ (ECF No. 7), and Petitioner responded with the traverse to the return of writ (ECF No. 9) on October 21, 2021. On August 1, 2023, the magistrate judge issued a Report and Recommendation (ECF No. 18), concluding that Petitioner's claims are either non-cognizable on habeas review or procedurally defaulted. Petitioner responded with objections filed on August 25, 2023 (ECF No. 22).[1]

### II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is de novo. Fed. R. Civ. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

---

[1] Petitioner's delay in filing objections was due to a Motion for Extension of Time to file objections (ECF No. 20), asking for additional time while Petitioner's request for Stay and Leave to Amend was pending (ECF No. 10). The Court resolved the Motion for Stay and Leave (ECF No. 21) on August 14, 2023, and granted a 14-day extension. Petitioner timely filed objections on August 25, 2023 (ECF No. 22).

5

(3:20CV1846)

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also* Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.")

### III. Discussion

#### A. First Objection: Application of *Stone v. Powell*

Petitioner objects to the magistrate judge's application of *Stone v. Powell*. 428 U.S. 465 (1976); ECF No. 22 at PageID #: 1130.

6

(3:20CV1846)

*Stone v. Powell* holds "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief." 428 U.S. 465, 481 (1976). Relying on *Stone*, the Sixth Circuit in *Riley v. Gray* articulated a two-step inquiry to determine if a Petitioner can raise a Fourth amendment claim on federal habeas review. The court must consider: (1) "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim," and (2) "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." 674 F.2d 522, 526 (6th Cir. 1982).

Addressing the first inquiry, in *Riley* the Sixth Circuit held Ohio provides a sufficient procedural mechanism for litigating Fourth Amendment claims, clearing the first hurdle. *Riley*, 647 F.2d at 526. Petitioner concedes that "the procedural mechanism required undoubtedly exists." ECF No. 22 at PageID #: 1131.

Turning to the second inquiry, the Court must decide if the presentation of Petitioner's claim was frustrated because of a failure of the state's procedures. *Riley*, 647 F.2d at 526.

> Courts have consistently held that the 'relevant inquiry' in resolving the second question posed in *Riley* is whether the 'habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided' by state courts.

*Rivera v. Warden, Chillicothe Corr. Inst*., No. 1:11-CV-690, 2012 WL 6756254, at *8 (S.D. Ohio Aug. 20, 2012) (quoting *Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003)). In *Riley* the Sixth Circuit found petitioner's opportunity to litigate his fourth amendment claim was frustrated because the state appellate court failed to remand the case to the trial court so the petitioner could attempt to establish standing to challenge the search. 647 F.2d at 527. The Sixth Circuit held federal habeas relief is available if a criminal defendant cannot fully present

7

(3:20CV1846)

his fourth amendment claim in state courts because of unanticipated and unforeseeable application of a procedural rule, as occurred in *Riley*. *Id.*

Here, Petitioner argues the procedural mechanism failed, frustrating his ability to fairly present his claim. ECF No. 22 at PageID #: 1131. However, Petitioner provides no support to substantiate this claim. Petitioner was afforded the opportunity to litigate his claims. Petitioner advanced three motions to suppress the search of his home, had two hearings regarding the motions to suppress, and was afforded appellate review during which the Ohio Third District Court of Appeals carefully considered Petitioner's arguments. Petitioner did not experience an unanticipated or unforeseeable application of a procedural rule that barred state consideration of his Fourth Amendment claim. While Petitioner claims the procedural mechanism failed, he directly contradicts himself by stating "he received a hearing in the State Trial Court and appellate review of the constitutional violation set forth in his First Claim for Relief." ECF No. 22 at PageID #: 1131.

Petitioner additionally claims there is a "fundamental distinction between the ability to access a hearing and the ability to access a fair hearing." While Petitioner fails to explain why his hearing was unfair, the Court still addresses his contention. Clarifying what the *Powell* "opportunity for full and fair consideration" means, the Sixth Circuit explained an avenue must be available "for the prisoner to present his claim to the state courts, [rather than] an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berhuis*, 729 F.3d 636, 639 (6th Cir. 2013). The Sixth Circuit explained that *Powell* focused on the opportunity for fair consideration, not the procedure employed. *Id.* "In absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.*

8

(3:20CV1846)

In *Good*, Petitioner presented his motion to suppress to the state trial court and the state appellate court; both courts rejected the motion. *Id.* at 640. The Sixth Circuit held "that [process] suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Id.*

Here, as previously stated, Petitioner presented his motion to suppress to the state trial court numerous times and brought his motion to suppress to the state appellate court, a process found to be sufficient in *Good*. No sham proceedings occurred, as evidenced in the record, and the Court does not need to inquire into the rigor of the procedures employed. Accordingly, the Court finds that Petitioner was afforded an opportunity for full and fair consideration under *Powell*.

Presenting his Fourth Amendment claim to the trial court and appellate court, Petitioner received the opportunity for full and fair consideration, sufficing to preclude the Court's review through a habeas corpus petition. Therefore, based on the sufficient procedural mechanisms in Ohio and Petitioner's use of those mechanisms without frustration, deprivation, or prevention, the Court finds that Petitioner's first ground for relief is not cognizable.

### B. Second Objection

1. *Procedural Default*

Petitioner objects to the magistrate judge's finding that Petitioner's second claim, that the denial of his motion to withdraw his no contest pleas violated due process, is procedurally defaulted. ECF No. 22 at PageID #: 1132. Petitioner argues that with the COVID-19 pandemic and the Ohio Supreme Court's tolling order, he has valid cause for his default. ECF No. 22 at PageID #: 1132.

Procedural default occurs when a Petitioner fails "to obtain consideration of a claim by a state court … due to a state procedural rule that prevents the state court from reaching the merits

9

(3:20CV1846)

of the petitioner's claim." *Onunwor v. Moore*, 655 F. App'x 369, 372 (6th Cir. 2016) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). In Ohio, under the Ohio Supreme Court procedural rules, an appellant shall file a notice of appeal within 45 days of the state appellate court's decision to perfect their appeal of right. Ohio S. Ct. Prac. R. 6.01(A)(1). The Ohio Supreme Court may, however, grant a motion for a delayed appeal. Ohio S. Ct. Prac. R. 7.01(A)(4). The Sixth Circuit has, nonetheless, held that the denial of delayed appeal, even when a state court is silent as to why it denies relief, is a procedural ruling, enforcing procedural bars. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

Here, the Ohio Third District Court of Appeals affirmed the trial court's judgment on August 19, 2019. ECF No. 7-1 at PageID #: 387-425. Petitioner's motion for reconsideration was due no later than 10 days after judgment has been issued to the parties. Ohio App. R. 26(A)(1). If Petitioner had filed a timely motion for reconsideration, the time for filing an appeal to the Ohio Supreme Court would have tolled. Ohio App. R. 26(A)(1). However, Petitioner failed to file a timely motion. Rather, he filed a motion to leave for a delayed application for reconsideration on January 30, 2020. ECF No. 7-1 at PageID #: 426-430. Because Petitioner was not subject to the tolling provision, his notice of appeal to the Ohio Supreme Court was due no later than October 3, 2019. On July 2, 2020, when the Ohio Supreme Court, without specifying why, denied Petitioner's motion to leave to file out of time. The denial was a procedural ruling. ECF No. 7-1 at PageID #510. Therefore, Petitioner's federal habeas review of his second claim is barred.

(3:20CV1846)

A petitioner can overcome that bar if petitioner can show cause for the default and actual prejudice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Failing to establish cause eliminates the need to evaluate prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986).

Petitioner argues he has demonstrated valid cause, citing the COVID-19 pandemic and tolling.  ECF No. 22 at PageID #: 1132.  The Court has already determined the general tolling doctrine within Ohio App. R. 26(A)(1) did not apply because Petitioner failed to timely file a motion for reconsideration in the Third District.  Additionally, the COVID-19 tolling doctrine adopted by the Ohio Supreme Court would not have applied as it was adopted on March 27, 2020, and retroactively applied to March 9, 2020, long after Petitioner's appeal to the Ohio Supreme Court was due.  *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Ct. & Use of Tech.*, 141 N.E.3d 974 (2020) (table).  Accordingly, Petitioner has failed to show cause, and the Court dismisses Ground Two as procedurally defaulted.

2. *Merits Review*

Even if Petitioner's claim were not procedurally defaulted, Petitioner fails to show his second claim has merit.

Petitioner agrees that a question of state law is normally not grounds for habeas relief.  ECF No. 22 at PageID #: 1132.  Denying a motion to withdraw pleas is a question of state law not warranting habeas relief.  *Perry v. Lazaroff*, No. 1:16CV225, 2016 WL 8674485, at *9 (N.D. Ohio Nov. 4, 2016); *see also Goodwin v. Buchanan,* No. 5:19 CV 888, 2022 WL 1152782, at *1 (N.D. Ohio Apr. 19, 2022).  While there is no federal due process right to withdraw pleas, some state court rulings may rise to the level of due process violations, justifying habeas relief.  *Perry v. Lazaroff*, No. 1:16CV225, 2016 WL 8674485, at *9 (N.D. Ohio Nov. 4, 2016) (citing *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2020)).

11

(3:20CV1846)

Whether a state trial court's denial of a motion to withdraw a guilty plea implicates constitutional concerns hinges on whether the plea was knowing and voluntary. A plea is voluntary if the defendant "understands the nature of the charges against him and the constitutional protections that he is waiving." *Evans v. Jackson*, No. 20-11379, 2022 WL 989321, at *3 (E.D. Mich. Mar. 30, 2022) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976)). A plea is knowing and intelligent if the defendant has "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The totality of the circumstances governs if a plea is knowing and voluntary. *Garcia v. Johnson*, 991 F.2d 324, 327 (6th Cir. 1993). Additionally, when a state court determines a plea was entered validly, the state court is generally afforded a presumption of correctness. *Id.* at 326.

Petitioner maintains his pleas were involuntary. The Ohio Third District Court of Appeals examined "whether the defendant understood the nature of the charges and potential sentences." ECF No. 7-1 at PageID #: 482. The Third District found that Petitioner stated that he "'understood the nature of the charges and potential sentences,'" and that the trial court ensured Petitioner understood the constitutional rights he was waiving, rendering his pleas voluntary. ECF No. 7-1 at PageID #: 486-487. Petitioner also was aware of the effect of entering his no contest pleas, the nature of the charges against him, and the maximum penalties the trial could impose, rending his pleas knowing and intelligent. ECF No. 7-1 at PageID #: 487.

Presuming the correctness of the trial court and the Ohio Third District Court of Appeals, the Court finds that Petitioner pled voluntary and knowingly, resolving any potential constitutional concerns. Therefore, even if Petitioner's second claim was not procedurally defaulted, it would be denied as meritless.

(3:20CV1846)

### Third Objection: Certificate of Appealability

The Court must now determine whether to grant a Certificate of Appealability ("COA") for any of Petitioner's grounds for relief.

Habeas courts are guided in their consideration of whether to grant a COA by 28 U.S.C. § 2253, which provides in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.

This language is identical to the requirements set forth in the pre-AEDPA statutes, requiring the habeas petitioner to obtain a Certificate of Probable Cause. The sole difference between the pre- and post-AEDPA statutes is that the petitioner must now demonstrate he was denied a *constitutional*, rather than federal, right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (interpreting the significance of the revision between the pre- and post-AEDPA versions of that statute).

Furthermore, if a habeas claim is not procedurally defaulted, then the court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. A more complicated analysis is required, however, when assessing whether to grant a COA for a claim the district court has determined is procedurally defaulted. In those instances, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After taking the above standards into consideration, the Court finds as follows:

13

(3:20CV1846)

The Court will not issue a COA for Ground One (Unreasonable Searches and Seizures). No jurist of reason would debate the Court's conclusions on that claim.

The Court will not issue a COA for Petitioner's Ground Two (Due Process). No jurist of reason would find it debatable whether this Court is correct in its procedural rulings or whether petitioner has stated a viable constitutional claim.

### IV. Conclusion

After an independent review of the record, the Court concurs with the magistrate judge's Report and Recommendation (ECF No. 18) and adopts it as the opinion of the Court. Leonard Bingham's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed.

IT IS SO ORDERED.

| September 29, 2023 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |